**RECEIVED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

NOV - 8 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | | |
|---|---|---|
| Edward Russell Washington, | ) | |
| | ) | Civil Action No. 9:05-1771-SB |
| Movant, | ) | Criminal No. 9:01-CR-342 |
| | ) | |
| -vs- | ) | **O R D E R** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |



This matter is before the Court on the pro se Movant's motion to vacate sentence, pursuant to 28 U.S.C. § 2255, and on his motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c). The procedural history of this action is complicated, but a brief recitation is necessary to the resolution of the issues.

The Movant was sentenced in June 2002 to concurrent prison terms of 137 months and 120 months, after pleading guilty to possession with intent to distribute controlled substances and to being a felon in possession of a firearm. After filing a direct appeal, the Movant requested it to be withdrawn.

Thereafter, the Movant filed two motions within his criminal action. On December 24, 2004, the Movant filed a "motion to reduce sentence under actual innocence of the specific offense characteristics of sentences imposed." He filed a similar motion in April 2005, adding a claim to enforce the terms of his plea agreement. By order dated April 26, 2005, this Court determined that the Movant's allegations were more appropriately addressed within a § 2255 motion, and gave the Movant 60 days to decide whether to proceed under § 2255 or withdraw his motions.

Rather than choosing between the options provided by the Court, the Movant filed several more motions in June 2005 which only clouded matters further. On June 21, the Movant filed a "motion for modification, reduction or correction of sentence," pursuant to 18 U.S.C. § 3582(c). This motion was assigned a new civil case number, as is the procedure for opening new § 2255 actions. The motion seeks a reduction in the Movant's sentence on the grounds that "the guideline range applicable to [him] has subsequently been lowered as a result of an amendment to the Guidelines Manual." The purported "amendment" is the United States Supreme Court's recent holding in Booker v. United States, — U.S. —, 125 S. Ct. 738 (2005). The motion also seeks a reduction in the Movant's sentence based on his "post-rehabilitative achievements." Then, three days later, the Movant filed two motions under the caption of his original criminal action, the first seeking a reduction in sentence pursuant to 18 U.S.C. § 3583(c) – this time with specific reference to Guideline amendments – and the second seeking specific performance of the plea agreement.

After the Government filed a response in the new civil action, the Movant filed a motion to withdraw this motion. In support of his request to withdraw, the Movant asserts that his "motion for modification, reduction or correction of sentence" was "apparently[1] treated as a Motion under 28 U.S.C. § 2255," and that his "second motion" – to reduce sentence pursuant to 18 U.S.C. § 3583(c) – is the more

---

[1] It seems the Movant did not understand the dictates of this Court's prior order, which directed him to indicate in writing whether he preferred the Court to proceed in considering his original motions as a § 2255 motion, or to withdraw all his motions. When he later filed additional motions, the Court assumed the Movant had chosen to proceed under § 2255, and filed them as such.

appropriate avenue by which the Court should proceed. Accordingly, the Movant requests that the newest civil action be dismissed without prejudice and that the Court direct the Government to respond to his "second motion."

From the tenor of the Movant's requests, the Court assumes that the Movant has chosen to withdraw the motions originally filed in his criminal action – challenging the Guideline enhancements – and has further chosen not to proceed with a § 2255 motion, including his claim that United States v. Booker somehow invalidates his sentence.[2] It further appears that the Movant still seeks this Court to reduce his sentence under 18 U.S.C. § 3583(c), as a result of an amendment to the Guidelines, and to compel the Government to file a motion for reduction in sentence based on his substantial assistance. With this understanding, the Court finds that a Government response to these motions is not necessary, see Rules Governing Section 2255 Proceedings, Rule 5, and now proceeds to address the Movant's remaining contentions.

### A. 18 U.S.C. § 3582(c)

Entitled "modification of an imposed term of imprisonment," § 3582(c) of Title 18, United States Code, provides that "the court may not modify a term of imprisonment once it has been imposed," except in very limited circumstances. The first subsection contains circumstances not applicable to this case. Subsection (2) reads as follows:

> in the case of a defendant who has been sentenced to a term of

---

[2] The Court notes that, if presented, this ground would most likely be summarily rejected, because the Movant's conviction became final well before the Booker decision was handed down, and the rule announced in Booker has not been made retroactive to cases on collateral review.

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Here, the Movant asserts that his Guideline range has been lowered by Amendment 599 (affecting 18 U.S.C. §§ 924(c)(1) and 922(g)) and that he is entitled to have his sentence adjusted accordingly.

Amendment 599 to the United States Sentencing Guidelines [USSG], amended the Commentary to § 2K2.4 (use of firearm during or in relation to certain crimes) in relevant part as follows:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example if (a) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.
>
> If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under §2K1.3(b)(3) (pertaining to possession of explosive material in connection with another felony offense) or §2K2.1(b)(5) (pertaining to possession of any firearm or ammunition in connection with another



4

felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a). For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under §2K2.1(b)(5) would not apply.

The most interesting aspect of the Movant's claim is that he is entitled to relief based upon a modification of the Guidelines made <u>subsequent</u> to his sentencing. In fact, Amendment 599 became effective on November 1, 2000, some 18 months <u>prior</u> to his sentencing, and the presentence report makes clear that the November 1, 2000 Guidelines Manual was used in calculating the Movant's sentence. Thus, the Movant is not technically entitled to any relief under 18 U.S.C. § 3582(c)(2), because the guideline range was not actually lowered subsequent to his sentencing.

Assuming, for the sake of efficiency, that 18 U.S.C. § 3582(c)(2) were applicable in this case, it is still clear that the Movant is not entitled to relief. First, the Movant's base offense level was <u>not</u> enhanced based on USSG § 2K2.4; it was enhanced based on USSG § 2D1.1(b)(1). The amended commentary suggesting that no additional enhancement be given when an enhancement has already been given under § 2K2.4 is therefore inapplicable to the Movant's case.

Moreover, the four-level enhancement under USSG § 2K2.1(b)(5) was added to the offense level calculation for the felon in possession count, and <u>not</u> the drug count. Because the offense level of the drug count was higher than the offense level of the felon in possession count, <u>only</u> the drug count was used to calculate the

5

Movant's sentence. See USSG §§ 3D1.2(a) (grouping of counts when "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts"). Hence, there was no impermissible "double counting" for the same conduct.

In sum, it is plain from a review of the presentence report and the 2000 Guidelines Manual that the Movant is not entitled to the relief he seeks. Accordingly, his motion in this regard is denied.

### B. Specific Performance

The Movant also seeks specific performance of the plea agreement, urging the Court to order the Government to file a Rule 35(b) motion for reduction of sentence based on his substantial assistance. It has been established that, where (as here) the plea agreement gives the Government the discretion to determine whether substantial assistance has been rendered, the only grounds upon which the failure to file a Rule 35 motion may be reviewed are bad faith or an unconstitutional motive. See United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000).

Here, the Movant has not alleged any facts to indicate that the Government acted in bad faith or that some racial, religious or other improper animus motivated its decision not to file a Rule 35 motion. His conclusory statements that he plans to call the men against whom he gave information "if the government shows bad faith by not filing [a] Rule 35" is insufficient to place the matter in dispute. See Jones v. Polk, 401 F.3d 257, 270 (4th Cir. 2005) (conclusory allegations not sufficient to trigger evidentiary hearing in post-conviction challenges). His request in this regard is also denied.

Based on the foregoing, it is

ORDERED that the Movant's motion to withdraw his most recent civil action, No. 9:05-1771-SB, is granted; this action is dismissed without prejudice and does not qualify as a motion under 28 U.S.C. § 2255; the Movant's motion (filed in the underlying criminal action) to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied; and the Movant's motion (also filed in the underlying criminal action) for specific performance of the plea agreement is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall place a copy of this order in both the underlying criminal record and in the record of the most recent civil action.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

November 4, 2005
Charleston, S.C.